THE PEOPLE OF THE STATE OF NEW YORK *v.* THE UNIVERSAL LIFE INSURANCE COMPANY.

(CLAIM OF ST. PETER'S CHURCH.)

(CLAIM OF ST. STEPHEN'S CHURCH.)

*Receiver of insurance company — liability of, for rent — when a claim should be paid without a reference.*

The receiver of an insolvent life insurance company after his appointment occupied and used premises theretofore occupied and used by the company. Having occupied them from November first to May first, and failed to pay the half year's rent falling due on the latter day, the lessor applied for an order directing the receiver to pay the rent or allowing an action to be brought against him therefor. There was no dispute as to the facts. The court referred the matter to a general referee appointed to pass on claims against the receiver.

*Held,* that the court erred in refusing to grant the motion, and that the order should be reversed and the receiver be directed to pay the rent with interest from the time it fell due.

APPEAL from an order of reference made at a Special Term.

The Universal Life Insurance Company was, prior to its failure and the appointment of a receiver of it, the lessee of St. Peter's church, under a lease giving a term of twenty-one years from May 1, 1874. When the receiver was appointed he continued to use and occupy, by himself or by his sub-tenants, the leased property. He so occupied the property for the half year from November first to May first, except the few days from November first to November fifth, the date of his appointment. On the first of May a half year's rent became payable, which he has not paid. The church applied to the court either to direct him to pay or to permit him to be sued. Instead of granting either request the court referred the matter to a general referee, who had previously been appointed to pass on claims against the company, its assets or the receiver.

*Lewis B. Hall,* for St Peter's and St. Stephen's churches, appellants.

*C. J. Everett,* for the receiver, respondent.

BY THE COURT. — On the hearing of the motion the receiver did not deny any of the facts set up in the petition of the church. It was therefore quite unnecessary that there should be a reference. And, on this appeal, no dispute is made as to the facts. It was then only a question of law as to what relief the church should have. In the settlement of these insolvent companies, the practice of referring all claims whether disputed or not, is unfair to the claimants, and makes an improper expense for the estate.

It is not necessary for us to say whether the receiver was, or was not, personally liable for the rent during his occupation. If he were personally liable, even then it might be well for the church to avoid any question of contempt of court by obtaining leave to sue.

If he were personally liable, still his occupation was in the discharge of his official duties, and the court would reimburse to him anything he should be compelled personally to pay.

If he were liable only as receiver, then he could not justly enjoy the use and occupation of the property as receiver without paying the rent. The rent in that case would not be a claim to be paid *pro rata* with debts of the company. It would be like his necessary expenses, a charge on the fund. If he had chosen to abandon the possession at once, he could probably have escaped liability for the rent accruing. But as he chose to enjoy the possession he was bound to pay the rent, which was the consideration therefor.

The liability which the church seeks to enforce is for the receiver's own tenancy ; it is against him as assignee of the lease, and not for a debt owing by the company.

And in this view (whatever may be the power of the court) it would hardly be reasonable to force the claimant into a compulsory reference, as might be done if this were a claim against the company. If leave to sue were given the claimant would be entitled to a jury trial and could not be compelled to refer. The liability of the receiver appears to be the ordinary common-law liability of the assignee of a lessee to the lessor.

There was no necessity that the claimant should make any other presentation of the claim than that which was made by the motion at Special Term. We think that the Special Term should either have directed payment to the claimant or should have permitted the

claimant to sue. And under the circumstances the more just course would be to direct payment.

The order is reversed, with ten dollars costs and printing disbursements, and the receiver is directed to pay to the church the rent, $500, with interest from the day when the half year's rent became payable.

The claim of St. Stephen's church is of a similar character, and the order should be to a similar effect for the rent payable in that case.

Present — LEARNED, P. J.; BOCKES and BOARDMAN, JJ.

Order reversed, and receiver directed to pay the rent, viz., $500, with interest from the time it was payable to St. Peter's church; $1,312.50 with interest from the time when payable to St. Stephen's church, with ten dollars costs and printing disbursements in each case.